JOSEPH FOSTER, JR., Respondent, *v.* INTERNATIONAL PAPER COMPANY, Appellant.

1. MASTER AND SERVANT — LIABILITY OF MASTER FOR INJURIES RESULTING FROM ORDERS OF SUBORDINATE FOREMAN. Where it appears from the evidence for the plaintiff, in an action brought by a servant against a corporation to recover for injuries received in the course of his employment as a laborer in defendant's paper mill, that the master mechanic of the mill, having general charge of alterations and repairs then being made, h d given orders to the head millwright, his immediate subordinate, that the machinery should be shut down when belts were to be run on; that thereafter the plaintiff was directed by an electrician or engineer, with the permission of the head millwright and in the presence of the general superintendent of the mill, to assist in throwing a belt upon a pulley attached to a rapidly revolving shaft in a basement room lighted with electric lights; and that while plaintiff was attempting to obey such order his clothing was caught in a set screw upon the shaft, which he could not see owing to insufficient light, whereby he was whirled around the shaft and seriously injured; it is reversible error to refuse to charge defendant's request, " That if the order was given " to the head millwright " to shut down to run on belts and the jury find that he did not stand in the place of the master and disregarded that order and the accident resulted from that violation of the master's order that then there is no cause of action ; " since the defendant would not be liable if a subordinate foreman disregarded the orders of the master mechanic and the injury to plaintiff was the result thereof.

2. LIGHTING OF PLACE WHERE SERVANT IS REQUIRED TO WORK. Where, in such case, the plaintiff's evidence tended to show that the place where he was injured was so insufficiently lighted that he could

not see the set screw in which his clothing became entangled, and the defendant's evidence was to the effect that the place was well lighted and equipped with appliances for more light if it was needed, it is error to refuse defendant's request to charge "That if the master furnished means of lighting this place, proper supplies and competent men to do it, if the jury so find, that then the master has performed its whole duty so far as lighting is concerned;" since, when a master has done his whole duty in providing the proper means for lighting the place in which his employees are to work, he is not liable for the failure of his co-employees, as between themselves, to avail themselves of the means of lighting at hand.

*Foster* v. *International Paper Co.*, 94 App. Div. 612, reversed.

(Argued October 18, 1905; decided October 27, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 12, 1904, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict and affirming an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries which the plaintiff claims to have sustained by reason of the defendant's alleged negligence.

The defendant owns and operates a large plant at Niagara Falls, N. Y., for the manufacture of paper, and the plaintiff was there employed as a common laborer. The accident which caused the injuries complained of occurred at about 4 o'clock in the morning of the 8th of January, 1900. At that time the plaintiff was assisting in throwing a belt upon a pulley attached to a shaft, in what is known as the "wood room," located in the basement of the defendant's mill. The shaft was mounted on a frame which stood near one of the walls of the wood room, the distance between the shaft and the wall being about 28½ inches, and between the shaft and the floor about 41 inches. Attached to this shaft and about 16 inches from the pulley was a small sprocket wheel. The plaintiff had gone into the space between the shaft and the wall for the purpose of throwing a belt on the pulley, when his clothing was caught in a set screw attached to the hub or flange of the sprocket wheel, with the result that he was

whirled around by the rapidly revolving shaft and seriously injured.

At the time of the accident the plaintiff was twenty-two years of age and had been employed by the defendant as a general laborer for a period of four or five months. He had also worked for the defendant at various other times during the preceding five years. One Bowman was the general superintendent in charge of the mill. One Jones was the master mechanic having charge of certain additions and alterations which were then being made. Morgan was the head millwright under Jones, and plaintiff's immediate foreman was a man named Jury.

On the morning of the accident and before it happened, Jones, the master mechanic, had given orders that the machinery should be shut down when the men were ready to run on belts. Just before the accident, Shedd, an electrician and engineer, who seems to have served in the capacity of a general utility man about the mill, had shortened the belt which was to be placed upon the pulley in question. He reported to Morgan, the head millwright, that he had completed this work and suggested that he could throw on the belt without stopping the machinery. Morgan replied, in substance, that Jones, the master mechanic, had ordered the machinery to be shut down when the belts were to be run on, but when Shedd again insisted that he could run on this belt without stopping the machinery, Morgan gave him permission to do so, but advised him to be careful. At this time, according to the plaintiff's version of the case, the plaintiff and Bowman, the general superintendent, were standing near each other on the floor above the basement. The plaintiff testified that Shedd came up the stairway and called to him to come down and help throw on the belt. The plaintiff responded to the call, and while he was thus engaged in assisting Shedd the accident happened as above described.

There were no windows in the wood room where the accident occurred, but it was furnished with electric lights. Plaintiff's evidence tended to show that the room was insufficiently

lighted, and that while he was able to see the shaft and the pulley, he was unable to distinguish the sprocket wheel. The defendant's evidence, on the other hand, tended to show that it had installed a sufficient number of lights on an extension wire or wires, upon which additional lights could be placed, if the workmen found it necessary.

Further essential facts appear in the opinion.

*Alfred W. Gray* for appellant. The accident resulted from disregarding the master's order; therefore, the master is not liable. (*Slater* v. *Jewett*, 85 N. Y. 61; *Frick* v. *B. & A. R. R. Co.*, 53 N. Y. 549.) The defendant has not been shown to have been negligent in any particular, and the motion for a nonsuit or the direction of a verdict of no cause of action should have been granted. (*Spaulding* v. *T. & C. C. Co.*, 13 Misc. Rep. 398; 153 N. Y. 660; *Rooney* v. *S. & D. C. Co.*, 161 Mass. 153; *Britt* v. *Alexandre*, 15 Wkly. Dig. 443; *Foster* v. *I. P. Co.*, 71 App. Div. 47; *Goodnow* v. *W. E. Mills*, 146 Mass. 261; *G. F. P. C. Co.* v. *T. Ins. Co.*, 162 N. Y. 399; *Cobb* v. *Welcher*, 75 Hun, 283; *Byrne* v. *Nye & Wait Carpet Co.*, 46 App. Div. 479; *Ekendahl* v. *Hayes*, 10 App. Div. 487; *Glassheim* v. *N. Y. E. P. Co.*, 13 Misc. Rep. 174; *Van Horn* v. *B. H. T., etc., Co.*, 4 N. Y. S. R. 782; 113 N. Y. 634.)

*Thomas Watts* and *Abram F. Servin* for respondent. The requests to charge upon the question of the authority of the foreman to direct plaintiff to aid in throwing on the belt were properly denied. (*Rexter* v. *Starin*, 73 N. Y. 601; *Holbrook* v. *U. & S. Ry. Co.*, 12 N. Y. 236.) The rulings of the court upon the requests to charge in regard to lighting were correct. (*Eastland* v. *Clarke*, 165 N. Y. 420; *Devaney* v. *D. McL. C. Co.*, 79 App. Div. 62; 178 N. Y. 620; *Simmons* v. *Peters*, 20 App. Div. 251; *Dorney* v. *O'Neill*, 49 App. Div. 8; *Mullen* v. *M. S. Ry. Co.*, 89 App. Div. 21; *Madigan* v. *O. S. N. Co.*, 178 N. Y. 242; *Jenks* v. *Thompson*, 179 N. Y. 20.)

WERNER, J. The only questions that survive the unanimous affirmance by the Appellate Division of the judgment entered upon the verdict recovered by the plaintiff are those that arise upon exceptions to the charge and to rulings upon evidence. Many such exceptions appear in the record, but we shall consider only two exceptions to refusals to charge, and these we regard as fatal to the judgment.

The gravamen of the charge of negligence set forth in the complaint is that the defendant, as master, failed to provide for the plaintiff, as servant, a safe and proper place in which to work, and that by reason of this neglect of defendant's duty the plaintiff sustained the injuries complained of. The theory of the plaintiff's case is that the plaintiff was directed by one of his superiors, and in the presence of the master, to assist in throwing a belt upon a rapidly revolving pulley in a place where dangerous machinery was left unguarded, and that it was not sufficiently lighted to enable the plaintiff to discern the hazards of the work. The defendant's contention in that behalf is that the place was sufficiently lighted; that there was ample provision for additional lights if any were needed, and that the task of putting on the belt was a matter of detail as to which the negligence of any servant, whatever his grade, would not be chargeable to the master.

As bearing upon this well-defined issue, defendant's counsel requested the court to charge: "That if the order was given Morgan to shut down to run on belts, and the jury find that he did not stand in the place of the master, and disregarded that order and the accident resulted therefrom from that violation of the master's order, that then there is no cause of action." This request was followed by a series of questions by the court and explanations by the requesting counsel which it is unnecessary to reproduce here. Suffice it to say, therefore, that the request was refused and an exception taken.

The main charge of the learned trial court had not touched upon the precise point presented by the request. The substance of the request was that if the jury should find that Morgan did not represent the master in acquiescing in Shedd's

request to be permitted to run on the belt without stopping the machinery, then the plaintiff could not recover. The state of the evidence was such that the jury, under proper instructions from the court, might have found that Morgan was merely a co-employee of the plaintiff in finally directing that the belt could be run on without stopping the machinery. But if that were not so, the legal result is the same, because the putting on of the belt was a detail of the work, as to which the negligence of Morgan or Shedd, or both, was simply that of co-employees. In the latter view of the case, the defendant was entitled to a charge even more favorable to him than that which he requested.

The principle that the liability of a master for an injury to an employee occasioned by the negligence of another employee does not depend upon the grade or rank of the latter, but upon the character of the act, is illustrated in *Crispin* v. *Babbitt* (81 N. Y. 516), where the person in control of an iron works carelessly turned on steam and suddenly started machinery, by which Crispin was injured; and in *Cullen* v. *Norton* (126 N. Y. 1), where defendant's foreman negligently omitted to remove an undischarged blasting charge in a quarry, and directed Cullen to dig so near to it that when the charge was accidentally disturbed by the tools of the other workmen there was an explosion and Cullen was killed. Assuming the truth of the defendant's evidence to the effect that Jones, the master mechanic, had given orders that the machinery should be shut down when the belts were ready to be run on, the defendant would not be liable if its subordinates disregarded these orders, and the injury was occasioned as a result thereof. This was a matter of detail which the defendant had the right to leave to its subordinates upon the assumption that its orders in this respect would be properly carried out, and the failure to do so by any servant, no matter what his grade, was the negligence of a fellow-servant. (*Slater* v. *Jewett*, 85 N. Y. 61; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549; *Cooper* v. *N. Y., O. & W. R. Co.*, 25 App. Div. 383; Labatt on Master & Servant, § 608.) We think the learned trial court should have charged the request referred to, and as it related to a

vital point that had not been covered by the main charge, the refusal was a substantial error.

The other request which we think should have been charged related to the lighting of the place where the accident happened. The plaintiff's evidence tended to show that the place was so insufficiently lighted that he could not see the sprocket wheel and set screw in which his clothing became entangled. The defendant's evidence was to the effect that the place was well lighted and equipped with appliances for more light if it was needed. Defendant's counsel requested the court to charge: "That if the master furnished proper means of lighting this place, proper supplies and competent men to do it, if the jury so find, that then the master has performed its whole duty so far as lighting is concerned." The court declined to charge this request. Thereupon defendant's counsel, after taking an exception, proceeded to prefer another request, when he was interrupted by the court with the following remarks: "That is of course true. If the employees failed to do their duty in reference to not having light there if it was furnished; that is to say, so far as the specific thing of not availing themselves of the light is concerned, the defendant would not be liable for that omission. The question, however, that arises is as to whether, under the circumstances in this case, it was contemplated that any more light should be furnished for the purpose of doing this work than was, and whether, in view of all the circumstances, it may not have been negligent upon the part of the defendant not to have made this place more safe than it was, and in determining that question they may take into consideration not only the matter of lights, but all the other circumstances to which attention has been called and regarding which the evidence has been given."

The request was explicit and clearly within the well-settled rule of law, that when a master has done his whole duty in providing the proper means of lighting the place in which his employees are to work, he is not liable for the failure of the co-employees, as between themselves, to avail themselves of the means of lighting at hand. (*Madigan* v. *Ocean Steam Nav. Co.*, 178 N. Y. 242.)

The request was, not that the master had done the particular things mentioned, but that if the jury should find that it had done them, then the measure of its legal duty had been fulfilled. The response to this request should have been equally clear and unequivocal. Instead of that, however, the court, in the effort to illuminate the issue, beclouded it with language which left the matter practically where it had been before the request was made.

As already intimated, we regard none of the other exceptions as of sufficient importance to justify discussion, but since the two which we have discussed relate to vital questions, we think the judgment must be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, BARTLETT and VANN, JJ., concur; HAIGHT, J., not sitting; O'BRIEN, J., absent.

Judgment reversed, etc.