---

(121 App. Div. 245)

## LOWERY v. HUNTINGTON LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS.

Plaintiff was an employé of defendant as one of a gang trimming trees so as to admit the stringing of defendant's electric wires. The gang's foreman pointed out a tree for trimming, and plaintiff, with another, climbed the same, attached a rope to a limb, and then cast it over a crotch of the tree above the limb, so that the loose end of the rope dropped to the ground. They then sawed off this limb, which fell on a lower limb. The lower limb was then sawed off, but when it fell the foreman held the rope taut, so that the limb to which it was attached did not fall with the lower limb, but remained suspended in the air and swung in toward plaintiff, who, in attempting to avoid it, fell to the ground. Held, that the foreman in holding the rope was not engaged in an act of superintendence, within the employer's liability act, making an employer liable for injuries to an employé resulting from the negligence of any person in the service of the employer intrusted with and exercising superintendence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-ant, § 427.]

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action for personal injuries by William E. Lowery against the Huntington Light & Power Company. From a judgment for defend-ant, plaintiff appeals. Affirmed.

Reargument of an appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 31st day of January, 1906, dismissing the plaintiff's complaint. The plaintiff was an employé of the defendant as one of a gang of five men trimming trees so as to admit the stringing of the defendant's electrical wires. Slack-bower was foreman of the gang and pointed out a tree for trimming. The plaintiff and another climbed that tree, attached a rope to a limb, and cast the rope over a crotch of the tree above the limb, so that the loose end of the rope dropped to the ground. They then sawed off this limb, which fell or rested upon a lower and larger limb. Then they sawed off this larger and

lower limb, to which was attached another rope passing through the crotch and then dropping to the ground. When the larger and lower limb fell, Slackbower, who, standing upon the ground, had hold of the loose end of the rope attached to the higher limb, held the rope taut. Consequently the higher limb did not fall with its support, the lower limb, but was suspended in the air. It swung towards the trunk of the tree wherein the plaintiff stood, and in seeking to avoid the limb the plaintiff fell to the ground and was injured.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Herbert C. Smyth (Frederic C. Scofield, on the brief), for appellant.
Alfred A. Wheat (Theodore H. Lord, on the brief), for respondent.

HOOKER, J. In Hope v. Scranton & Lehigh Coal Company (decided June 28, 1907), 105 N. Y. Supp. 372, the cases were reviewed, and we reached the conclusion that the employer's liability act must be construed to create a liability against the employer for the acts of a superintendent only when he is engaged in an act of superintending. Without the aid of the statute the plaintiff in this case must fail, because of the negligence of the co-servant, Slackbower. The question, then, is: Was Slackbower superintendent; and, if so, was his negligence, supposing it was the proximate cause of the injury, committed while he was in the act of superintending? It does not appear that he devised the method of trimming the tree, or that he gave any instructions or orders in the doing of that work. He merely held the rope attached to the smaller limb, as two other workmen held the rope attached to the larger. The directions that were given were not by him, but rather to him; for the plaintiff called out to him not to hold the rope taut, but to "let it go," in order that the limb might fall to the ground. The rule suggested in the Hope Case as a test of acts of superintendence is that unless the act itself is one of direction or of oversight, tending to control others and to vary their situation or action because of his direction, it cannot fairly be said to be one in the doing of which the person intrusted with superintendence is in the exercise of superintendence. Slackbower's superintendence consisted in designating the tree to be trimmed, and from aught that appears this is all he did of direction or oversight.

Flynn v. Boston Electric Company, 171 Mass. 395, 50 N. E. 937, is in many respects similar to the case at bar. There the men were stringing an electric light wire through a tree, and Grant (the foreman) at a certain time in the work ordered the wire to be pulled, and himself helped in the pulling. The wire caught, and plaintiff shouted to stop; but he was hurt. It was held that Grant was but a co-servant in this work of pulling, and was not engaged in any act of superintendence, and the plaintiff's exception to the direction of a verdict for the defendant was overruled.

The judgment appealed from must be affirmed, with costs. All concur, except HIRSCHBERG, P. J., who dissents.