## KUJAVA v. IRVING.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—ACTS OF SUPERINTENDENT OR FELLOW SREVANT.

    Plaintiff and his superintendent were adjusting a belt. The superintendent told plaintiff to hold one end of the belt while he held the other to determine the proper length, and while plaintiff was holding the belt the superintendent jerked it so as to draw plaintiff's arm around the moving shaft, and plaintiff was injured. *Held*, that the superintendent's act occurred while he was acting as plaintiff's fellow servant, and hence plaintiff could not recover under Employer's Liability Act, Laws 1902, p. 1748, c. 600, which imposes a liability on the employer for the negligence of a superintendent only when the negligent act is in the course of superintendence.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 489.]

Appeal from Trial Term, Queens County.

Action by Frank Kujava against Walter E. Irving. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, MILLER, JENKS, and RICH, JJ.

Eugene Lamb Richards, Jr. (Rutherford B. Meyer, on the brief), for appellant.

David Gerber (Mortimer Fishel, on the brief), for respondent.

JENKS, J. The plaintiff has recovered a judgment under Employer's Liability Act, Laws 1902, p. 1748, c. 600. His version of the casualty is as follows: He had moved a machine from one place to another on the floor in the defendant's shop. The machine was worked by a belt attached to shafting. It was necessary to join the belt, which had been cut, so as to adjust it to the machine in its changed position. He and Hille, the defendant's superintendent, were at the work. Hille told the plaintiff to get upon a platform four feet high. The belt was then hanging loose over the shafting. Hille told the plaintiff to hold one end of the belt while he held the other, in the work of determining the proper length of the belt preparatory to joining the ends thereof. The shafting had been and was in motion throughout this work. Hille jerked the bottom of the belt so as to draw the plaintiff's arm around the shafting, and the plaintiff was thereby seriously injured.

The learned court charged the jury, under exception, "As a matter of law, under those conditions, Mr. Hille, concededly the superintendent, * * * was acting as the alter ego of the defendant," and Hille's negligence charged the defendant, if he (i. e., Hille) was negligent. I think that the exception was well taken. The employer's liability act casts liability on the employer for the negligence of his superintendent only when the negligent act is in the course of superintendence. Lowery v. Huntington Light & Power Co., 121 App. Div. 245, 105 N. Y. Supp. 852, decided by this court July 23, 1907; Hope v. Scranton & Lehigh Coal Co., 120 App. Div. 593, 105 N. Y. Supp. 372, decided by this court June 28, 1907. The act of Hille was not one done in superintendence, and had no relation to his status as superintendent. Hille was engaged at the time in the work of a fellow servant, and his act which caused the casualty was in the detail of the work of readjusting the belt. Foster v. International Paper Co., 183 N. Y., at page 50, 75 N. E., at page 934; Lowery v. Huntington Light & Power Co., supra; Hope v. Scranton & Lehigh Coal Co., supra; Meeker v. Remington & Son Co., 53 App. Div. 592–598, 65 N. Y. Supp. 1116; Gall v. Beckstein, 173 Ill. 187, 50 N. E. 711; Scott v. Sweeney, 34 Hun, 292.

The judgment and order are reversed, and a new trial is granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., not voting.