McNAMARA v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 24, 1911.)

Appeal from Trial Term, Kings County.

Action by Charles McNamara against the City of New York. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

James D. Bell (J. W. Johnson, on the brief), for appellant.
Frank W. Holmes, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

BURR, J. (dissenting). Assuming that on the day in question Duffy occupied a position relative to the plaintiff of one exercising acts of superintendence, within the meaning of the employer's liability act (Consol. Laws, c. 31), I think that plaintiff is not entitled to recover, first, because the particular act complained of was a mere detail of the, work, and not an act or even detail of superintendence (Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725); and, second, such act was not a negligent act, so that, if the action had been against Duffy personally, he would have been liable therefor.

Plaintiff was employed by the park department of the city of New York as a pruner and trimmer. On the 22d of May, 1907, he was one of a gang of five or six men, of which one Sailesbury was foreman. Shortly after noon of that day Sailesbury left the work, and Duffy took his place. Plaintiff had been sent up a ladder, which rested against the limb of a tree, to cut off some of the branches. This ladder had been placed there by a fellow workman. After taking out one branch from the limb on the right side, Duffy said to him, "There is another one over there—take that out." Plaintiff replied, "I can't see. it," and then Duffy, muttering something, got on the ladder and ran about halfway up, when the limb on which it was resting broke near the trunk of the tree, the ladder fell, and plaintiff's injury resulted.

If the act of going up the ladder were negligent (and I think that it was not), this was no part of Duffy's work of superintendence. Lowrey v. Huntington Light & Power Co., 121 App Div. 245, 105 N. Y. Supp. 852, affirmed 193 N. Y. 629, 86 N. E. 1127; Flynn v. Boston Electric Light Co., 171 Mass. 395, 50 N. E. 937; Sarrisin v. Slater & Sons, 203 Mass. 258, 89 N. E. 529. In the latter case plaintiff, under the direction of one Delauries, was engaged in placing a coil of piping

in a machine. One step of the work required that from time to time plaintiff and three other workmen should lift the coil, while a plank which had been supporting it underneath was removed and its position shifted. This plank had on previous occasions been removed ·by another workman named Hogan. Delauries became impatient because Hogan moved so slowly, and took hold of the plank himself to draw it out. While doing so he caused one end of the plank to strike against 'a post, and it swung around and struck and injured plaintiff. The court said:

"Delauries' act in pulling out the plank was not an act of superintendence, but merely the act of a fellow workman. \* \* \* The negligence was not in deciding to pull out the plank, or in determining the mode of so doing which should be adopted. It was in pulling out the plank with so little care that its end hit the post, swinging the other end around against Hall's person. But this was purely the act of a fellow servant."

So here the negligence was not in deciding which branch should be removed. Duffy had already determined that. Neither was it in determining the mode of removal which should be adopted. There seems to have been but one method, and that was to saw off the offending branch. Suppose that Duffy had reached the place where plaintiff stood, and, taking the saw out of his hand, in order to cut the branch, had dropped it, and injured plaintiff. It would, in the language of the above case, be "from his negligence in doing the manual labor that the accident resulted." Duffy's act in going up the ladder was to assist in the performance of the manual labor. Again, this act was not ,a negligent one on Duffy's part. He had not placed the ladder against the limb upon which it was resting, nor had he given directions where it should be put. That was done by Sailesbury, apparently before Duffy arrived. There is no evidence that this limb gave indications of being unsound near the trunk of the tree where it broke, or that any one in the exercise of reasonable care ought to have presumed that it was incapable of bearing the weight of the ladder with both men upon it.

I think that the judgment and order should be reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., concurs.