(162 App. 327)

## SHERMAN v. MASON & HANGER CO.

(Supreme Court, Appellate Division, Second Department.   May 8, 1914.)

1. APPEAL AND ERROR (§ 171*)—QUESTIONS REVIEWABLE—THEORY OF CASE.

   The court on appeal must confine its consideration of the case to the theory adopted by the trial court, as disclosed by its instructions, where there were no objections to the instructions, or requests for any other or different instructions.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1063, 1066, 1067, 1161–1165; Dec. Dig. § 171.*]

2. MASTER AND SERVANT (§ 182*)—INJURY TO SERVANT—"ACT OF SUPERINTENDENCE."

   The act of the engineer in charge of a stationary engine in starting it without receiving the requisite signal, and thereby causing injury to an employé, was not one of superintendence within the Labor Law (Consol. Laws, c. 31), the engineer not being intrusted with an "act of superintendence," and his act was that of a fellow servant.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

3. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NOTICE—EMPLOYERS' LIABILITY ACT.

   A notice sent to the office in the state maintained by a foreign corporation, as required by General Corporation Law (Consol. Laws, c. 23) §§ 15, 16, is a compliance with the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204), requiring notice addressed to the office or the principal place of business of the corporation.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

4. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NOTICE—EVIDENCE—VARIANCE.

   The variance between a notice of injuries to an employé, which recites that his injuries were caused by the negligence of a superintendent in ordering the doing of a specified act, and the proof, that the superintendent did the act, was immaterial.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Appeal from Trial Term, Orange County.

Action by Arthur Sherman against the Mason & Hanger Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and new trial granted.·

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Herman S. Hertwig, of New York City (George W. Martin, of New York City, on the brief), for appellant.

R. H. Barnett, of Newburgh, for respondent.

JENKS, P. J.   This is an action by servant against master for negligence, and the master appeals from a judgment entered upon the verdict of the jury in favor of the servant.   The defendant used a steel form in its construction of a tunnel.   This form rested upon wheeled trucks, so that it could be moved from place to place.   The traction power consisted of a cable, drawn around a drum by a sta-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tionary engine worked by compressed air furnished by a pipe. As there was danger of interference between the pipe and parts of the steel form when the form was moved, it was necessary for a workman or workmen from time to time to clear the pipe from such obstruction before the moving. While plaintiff was at this work, stand-ing inside of the form, the form was drawn along the tunnel. His version is that in consequence of such movement he was thrown against one of the trucks and was injured. Usually the form was moved or stopped and moved again upon signals which emanated from the plaintiff (or from those in that kind of work), which signals were conveyed by signalmen to the engineer of the said stationary engine. The case for plaintiff is that on this occasion the engineer started the engine in the absence of signals. The evidence of both parties is that the engine on this occasion was started by Bateman, who was the undisputed superintendent of the defendant, and who for the nonce had taken the place of the absent engineer.

[1] The court charged the jury, without objection or exception, or request for any other or different submission, that the evidence pre-sented no question of negligence, save under the Labor Law (Consol. Laws, c. 31), that the sole question of negligence for determination was whether the accident happened by some negligence of Bateman in a matter of control, direction, or command, and that unless such negligence was proven the verdict must be for the defendant. I must confine my consideration upon this appeal to the case as thus submit-ted.

[2] I think it quite clear that the act complained of could not be considered a detail of superintendence. Bateman for the time being took the place of a fellow servant, and undertook to perform his duties, which were to start and to stop the engine in accord with certain signals given to him by signalmen. Thus in McHugh's Case, 179 N. Y. 384, 72 N. E. 314, the court say:

"Doubtless had the train been started by the engineer without a signal, or had the conductor or one of the guards improperly given a signal for the train to move, it would have been the act of a fellow servant, and the defendant would not have been liable therefor."

See, too, Moore v. Curran, 198 Mass. 60, 84 N. E. 113; Cashman v. Chase, 156 Mass. 342, 31 N. E. 4; Kujava v. Irving, 122 App. Div. 375, 106 N. Y. Supp. 837; Smith v. Pioneer Co., 146 Ala. 234, 41 South. 475.

It seems to me that the undisputed evidence established that this act of Bateman was not one of superintendence, and hence there was no question for the jury upon this issue.

[3] The appellant contends that the court erred in admitting in evidence the plaintiff's notice under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204), for the reason that the statute pre-scribes that it must be addressed to the office or the principal place of business of such corporation, that it appears that this is a West Virginia corporation, and that the notice was sent by registered mail to an office admittedly maintained by the defendant at Cornwall-on-Hudson in this state. The notice is to the defendant alone, and there-

fore it is not to be considered as are notices whose purpose is more or less general. I think that the plaintiff complied substantially with the law. I think that the office or principal place of business of such a corporation, as contemplated by this statute, is that maintained by it in this state. Sections 15 and 16, General Corporation Law (Consol. Laws, c. 23). The defendant does not contend that the office or place of business of service was not within that description, so far as this state is concerned; nor does it contend that the notice as given it did not fulfill its purpose so far as the defendant was concerned. Indeed, it admitted the service thereof in its answer. Thus the essential fact is established that the notice was actually given and actually received. It would seem that a construction of the statute, so as to require the service of such notice upon the principal office of a foreign corporation in its own state, would not only serve to hinder the servant, but would not afford such facilities to the corporation for inquiry and investigation as if the notice had been given directly to its office or principal place of business within this state; and, further, if the corporation is allowed to do business in the state, there is no reason why it should not be held subject to notice given to it in the state of a matter directly connected with that business.

[4] It is contended that the court erred in not dismissing the plaintiff, inasmuch as the notice specified as the sole cause of the accident, "My injuries were caused by reason of the negligence and carelessness of your said foreman or superintendent in ordering, directing, and permitting the aforesaid form to be moved without first giving me proper, sufficient, and suitable notice thereof," whereas the proof showed that Bateman, the superintendent, *himself* started the engine. I think the point is hypercritical. The variance could not be misleading. And it is immaterial, so far as the notice was concerned, whether Bateman ordered, directed, and permitted another, or in effect ordered, directed, and permitted *himself,* to start the engine.

I should add that this opinion is confined to the theory of the submission of this case and it is not intended to indicate rescission or modification of the views of this court as expressed in Cashmore v. Peerless Motor Car Co., 154 App. Div. 814, 139 N. Y. Supp. 359, and Svendsen v. McWilliams, Incorporated, 157 App. Div. 474, 142 N. Y. Supp. 606, or any different view than that taken by this court in its Third Department in Famborille v. Atlantic, Gulf & Pacific Co., 155 App. Div. 833, 140 N. Y. Supp. 529.

The judgment and order are reversed, and a new trial is granted; costs to abide the event. All concur.