CHIAPPISE v. FREDERICK L. CRANFORD, Inc.

(Supreme Court, Appellate Term, First Department. May 9, 1916.)

MASTER AND SERVANT ☞252—INJURIES TO SERVANT—ACTIONS—NOTICE—SUFFICIENCY.

A notice of injury under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200-204), stating that a beam fell on plaintiff's foot, will support an action, the complaint in which alleges that the foreman let go of the lever on a truck, lifting plaintiff in the air, causing him to lose his hold, to fall, and to be injured by the beam, which fell upon him; the character of the truck being such as to put the employer on inquiry, on service of the notice, as to the actual injury, and to inform him of the character of the accident.

[Ed. Note.— For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. ☞252.]

Appeal from City Court of New York, Trial Term.

Action by Antonio Chiappise against Frederick L. Cranford, Incorporated. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial granted.

Argued March term, 1916, before LEHMAN, WHITAKER, and PENDLETON, JJ.

Hobart S. Bird, of New York City, for appellant.
Jesse W. Johnson, of Brooklyn, for respondent.

PENDLETON, J. This is an appeal from a judgment dismissing the complaint for failure of proof. The action is founded on the Employers' Liability Act, and brought to recover damages for injuries alleged to have been caused by the negligence of defendant's superintendent.

The complaint alleged that defendant employed a certain two-wheeled truck with a lever attached to the center of the axle for the purpose of picking up iron and steel beams from the ground by means of a chain attached to said lever and transporting them in and about the building of a subway; that plaintiff was engaged with the superintendent in holding suspended from said truck an iron beam, by holding fast with their hands at the end of the handle of said lever; that the superintendent or foreman negligently, without warning, let go of said lever; that the weight of the beam was sufficient to, and did, raise plaintiff from the ground, and, losing his hold upon the lever, he fell to the ground, and the beam at the same time descended and fell on his foot.

At the trial plaintiff offered in evidence the notice served on defendant in pursuance of the requirements of the Employers' Liability Act. It was objected to as "immaterial, and not a notice referring to the cause of action stated in the complaint," and excluded. A motion to allow the withdrawal of a juror, in order that plaintiff might apply at Special Term to amend the complaint, was denied, and exception taken. There being no other evidence of a notice, the complaint was dismissed.

The notice stated as the cause of the injuries that, while plaintiff was holding fast to the tongue of said truck, the foreman negligently "let go of said beam, and said beam was allowed to fall down upon plaintiff's foot." Assuming that the complaint correctly sets forth the facts as to how the accident occurred, the question is: Did the notice, to use the words of Finnigan v. N. Y. Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233, "with reasonable definiteness and completeness, in however informal and inartistic manner, indicate the negligent or wrongful misconduct of the employer really claimed to have been the cause of the accident, and really relied on as the basis of the complaint against him," so "that he might by virtue of seasonable notice investigate and prepare to defend against the charge thereafter actually to be prosecuted."

According to the complaint the injury was directly occasioned by the beam falling on plaintiff's foot, and this was caused by the superintendent or foreman letting go the handle of the lever, by reason

whereof the beam descended and fell on plaintiff's foot. According to the notice the direct cause of the injury was the falling of the beam on plaintiff's foot, and this was caused by the foreman's letting go of said beam, so that it was allowed to fall on plaintiff. The plain gist of both is the charge that the foreman, by releasing the hold on the beam, caused or allowed it to fall on plaintiff. Whether plaintiff was raised from the ground, and then fell, or the foreman allowed the beam to fall, by letting go of the beam itself, or the tongue, or handle, or lever, whatever it may be called, which held the beam up, are immaterial details. Sherman v. Mason & Hanger Co., 162 App. Div. 327, 147 N. Y. Supp. 609.

As was said in Bertolami v. United Engineering Co., 198 N. Y. 71, 91 N. E. 267, the defendant was notified of that which fell upon the injured employé, and was apprised of the claim that it was responsible by reason of the negligence of its representative in letting or causing the thing to fall. It seems manifest that any one familiar with trucks of this character and the way they are used could not fail to be sufficiently apprised of plaintiff's claim as to the cause of the injury to investigate and prepare to defend the action.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.