PELOW v. OSWEGO CONST. CO.   (No. 115–89.)

(Supreme Court, Appellate Division, Fourth Department.   April 4, 1914.)

MASTER AND SERVANT (§ 190*) — INJURY TO SERVANT — FELLOW SERVANTS —
  STATUTORY PROVISIONS LIMITING DOCTRINE—PERSONS ENGAGED IN SU-
  PERINTENDENCE.

  Under Labor Law (Consol. Laws, c. 31) § 200, as amended in 1910 (Laws
  1910, c. 352), making an employer liable for personal injuries to an em-
  ployé caused by the negligence of any person in the service of the em-
  ployer, intrusted with any superintendence, etc., the liability of an em-
  ployer is not limited to negligent superintendence only, but he was liable
  for an injury to an employé caused by the negligence of a foreman in
  failing to hold boards, upon which the employé was standing, firmly and
  securely.

  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–
  474; Dec. Dig. § 190.*]

  Robson, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Adolphus Pelow against the Oswego Construction Com-
pany. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAM-
BERT, and MERRELL, JJ.

A. H. Cowie, of Syracuse, for appellant.
Thomas Woods, of Syracuse, for respondent.

KRUSE, P. J.   Two men in defendant's employ were engaged in
erecting forms for concrete construction.   One of them was hurt
through the carelessness of the other.   The question is whether the de-
fendant employer is liable to the injured man for such carelessness.

The careless man, who was acting as foreman, directed the plaintiff,
who was a carpenter, to stand upon the top of a "key" made of 12-inch
boards nailed together in the form of a trough, some 8 or 10 feet long,
which was standing upright leaning against the concrete forms, and
assured him that he would hold the "key" safely; but, through a lack
of attention and care, he failed to do so, it fell, and the plaintiff was
precipitated to the ground and injured.   The man through whose care-
lessness the accident resulted had been intrusted by the employer with
authority to direct the injured man in doing the work.

Under the provisions of section 200 of the Labor Law, as amended
in 1910, an employer is made liable for personal injuries caused to an
employé who is himself in the exercise of due care and diligence at the
time, by reason of the negligence of any person in the service of the
employer, intrusted with any superintendence, or by reason of the neg-
ligence of any person intrusted with authority to direct, control, or
command any employé in the performance of the duty of such em-
ployé.

The defendant contends that this provision covers negligent super-
intendence only.   We think the liability of the defendant is not thus
limited.   We are of the opinion that under the amendment of 1910 the
defendant is liable for the negligence of the foreman in failing to hold
the "key" firmly and securely.   This view is supported by the decisions

in Famborille v. A. G. & P. Co., 155 App. Div. 833, 140 N. Y. Supp. 529, decided in the Third Department, and Svendsen v. Williams, 157 App. Div. 474, 142 N. Y. Supp. 606, decided in the Second Department; and the learned counsel for appellant seems to so concede. The question has been very elaborately discussed in those decisions, and we deem it unnecessary to add anything to what is there said. It is sufficient to say that we agree with the reasoning of those cases.

We think the case was correctly submitted to the jury, and that the judgment and order appealed from should be affirmed, with costs. All concur, except ROBSON, J., who dissents.