PATRICK QUINLAN, Appellant, *v.* THE LACKAWANNA STEEL COMPANY, Respondent.

MASTER AND SERVANT — NEGLIGENCE — WHEN ACT OF A FOREMAN NOT ONE OF SUPERINTENDENCE WITHIN THE MEANING OF THE EMPLOYERS' LIABILITY ACT.   In an action brought under the Employers' Liability Act (L. 1902, ch. 600) to recover damages for personal injuries received by plaintiff while engaged in the work for which he was employed, it appears that plaintiff was engaged in that department of an iron mill which had charge of the electrical machinery which moved and controlled the electric cranes used in lifting and carrying material as required; that this department had a superintendent to whom the plaintiff reported at the beginning and end of each day's work, and by whom the plaintiff, by reason of his experience in the use of electrical power, had been assigned to a particular crane, which it was his duty, and his alone, to operate in the performance of the work required of it; that he was to receive orders as to the time and place that material was to be moved from the foreman of the shop having charge of the manufacturing, under the orders of a general superintendent of the manufacturing department; that this foreman had no duty to perform with reference to the operation of the crane except to signal to the plaintiff when and where to move it, and had no knowledge of the use of electricity or any right or authority to interfere with the electrical appliances by which the crane was operated; that while plaintiff, who had shut off the electricity and gone upon the top of the crane for the purpose of oiling its machinery, was engaged in such work, said foreman turned on the electricity, causing the plaintiff to receive a shock from which he fell from the top of the crane to the floor beneath, receiving the injuries for which the action was brought.   *Held*, that at the time said foreman turned on the electric power he did that which he was unauthorized to do and which was not within the scope of his employment, and consequently it was not an act of superintendence within the meaning of the Employers' Liability Act.

*Quinlan* v. *Lackawanna Steel Co.*, 107 App. Div. 176, affirmed.

(Argued February 24, 1908; decided March 3, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 14, 1905, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John T. Ryan* for appellant. The act of Knapp in turning on the electricity was an act performed in the prosecution of defendant's work, and was an act of superintendence. (*Roche* v. *Lowell Bleachery*, 181 Mass. 480; *McPhee* v. *N. E. S. Co.*, 188 Mass. 141; *McBride* v. *N. Y. T. Co.*, 101 App. Div. 452; 113 App. Div. 821; 187 N. Y. 573; *Bradley* v. *N. Y. C. & H. R. R. R. Co.*, 62 N. Y. 99; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Mott* v. *C. Ice Co.*, 73 N. Y. 543; *Quinn* v. *Powers*, 87 N. Y. 535; *McCauley* v. *Hutkoff*, 20 Misc. Rep. 97; *Guilmartin* v. *S. P. Co.*, 189 N. Y. 490; *K. C. R. R. Co.* v. *Burton*, 97 Ala. 240.)

*Louis L. Babcock* and *Evan Hollister* for respondent. The alleged act of Knapp, in turning on the electric power on the crane, was not an act of superintendence within the meaning of the Employers' Liability Act. (*Guilmartin* v. *S. P. Co.*, 189 N. Y. 490; *Gallagher* v. *Newman*, 190 N. Y. 444; *Hope* v. *S. & L. C. Co.*, 120 App. Div. 595; *McHugh* v. *M. Ry. Co.*, 179 N. Y. 378; *Roche* v. *Lowell Bleachery*, 181 Mass. 480.)

Haight, J. This action was brought to recover damages for a personal injury. The plaintiff was in the employ of the defendant, engaged in operating an electric crane in the defendant's plate shop. The building was about seventy-five feet in width and several hundred feet in length. The crane was about thirty feet high, constructed in such a manner that it could be run upon railroad tracks lengthwise through the building, having at the top heavy steel girders running crosswise of the building, upon which a carriage with tackle could be run back and forth, so that the material which was used in the process of manufacture in the shop could be hoisted up and carried to any part of the building in which it was to be used. About fifteen feet from the ground, upon one end of the crane, was a coop which was approached by a ladder, in which the operator stood, and from which place he operated the crane by electric power furnished through wires by means of switches and levers contained in the coop. On the day in

question he had been operating the crane for an hour or two and then he threw the switch open so as to cut off the electricity from the wires above, ascended the crane to the carriage above for the purpose of oiling the bearings and while thus engaged one Knapp, another employee of the defendant, entered the coop, turned on the electricity, causing the plaintiff to receive a shock from which he fell from the carriage above to the floor beneath, receiving the injuries for which this action was brought.

It appears from his testimony that one Greenough was the superintendent in charge of this and other shops of the defendant in so far as their manufacturing department was concerned and that Knapp was a foreman under him in charge of the plate shop in which they had sixty or sixty-five men engaged at work; that Greenough visited the shop from time to time, gave his orders to Knapp with reference to the work that was to be done and that Knapp gave directions to the men upon the floor of the shop as to the work that each was to do; that when they had iron or other material that was to be carried from one part of the shop to another by means of a crane, he signaled the plaintiff in the coop of the crane, whose duty it was to then move it to the point where the material was piled and after it had been hitched on to the tackle, to elevate it from the floor and carry it to the place at which it was designed to be landed. It further appeared that there was another department in the defendant's service known as the electrical department of which one Tower was the superintendent, who had charge of the electrical machines; that he employed the plaintiff with others as cranemen in the so-called electrical gang, and that the employees of the electrical gang were required to report to him every morning and at the close of their day's work; that he assigned the plaintiff to the crane in question and placed its operation in his hands, but he was to receive orders from Knapp as to time and place that material was to be moved by means of the crane. During the time that the plaintiff was on duty no other person operated the crane.

It is thus apparent that the plaintiff was employed by reason of his familiarity with the use of electrical power and that he was assigned to the work of operating this particular electrical machine by reason of his experience and that it became his duty, and his alone, to apply and cut off the power and operate the crane in the performance of the work for which it was designed. It is also apparent that Knapp, although a foreman in the shop having charge of the work that was to be done by the men employed in the manufacturing department, had no duty to perform with reference to the operation of the crane other than to signal to the operator as to the place to which it was to be moved and the material to be carried. It does not appear that he possessed any knowledge or had had any experience with reference to the use of electricity or had any right or authority whatever to enter the coop and there interfere with the electrical appliances by which the crane was operated. We, therefore, conclude that at the time he entered the coop of the crane and turned on the power he did that which he was unauthorized to do and which was not within the scope of his employment, and consequently, it was not an act of superintendence within the meaning of the Employers' Liability Act.

The judgment should be affirmed, with costs.

CULLEN, Ch. J. (dissenting). I concur in the statement of the law made by my brother HAIGHT; but the complaint was dismissed at the end of the plaintiff's case. I think that in view of Knapp's position as foreman it should be presumed that something in the line of his duty called him to the crane, and that, therefore, it was incumbent upon the defendant to show that his action was not in the line of his duty.

GRAY, VANN, WERNER and CHASE, JJ., concur with HAIGHT, J.; CULLEN, Ch. J., reads dissenting memorandum; HISCOCK, J., not sitting.

Judgment affirmed.