sale to be had under which a purchaser has acquired rights. In my opinion it is too late for plaintiff to attack either the interlocutory or the final judgment.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur. ·

LARSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 24, 1909.)

1. MASTER AND SERVANT (§ 182*)—FELLOW SERVANTS—ACTS OF SUPERINTENDENCE.

To hold a master liable under the employer's liability act (Consol. Laws, c. 31, §§ 200–204) for injuries to the servant by negligence of another employé, it must be shown, not only that the negligence was that of one exercising superintendence, but that he was engaged in an act of superintendence at the time.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

2. MASTER AND SERVANT (§ 182*)—FELLOW SERVANTS—DETAILS OF THE WORK.

To facilitate the work of removing old ties from an elevated structure, the foreman of a track gang directed employés to go down into the street, and as the ties were thrown down to remove them, and directed other employés to station themselves near the place to warn the public, and he himself stationed himself where he could see when the ties were to be thrown. The foreman gave a signal that all was clear as each tie was thrown down, and an employé, while in the act of removing a tie, was struck by a tie which was thrown on the signal of the foreman that all was clear. *Held*, that the foreman was performing a mere detail in the work of removing the ties, and was not exercising an act of superintendence, so as to render defendant liable under the employer's liability act (Consol. Laws, c. 31, §§ 200–204).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

3. MASTER AND SERVANT (§ 190*)—FELLOW SERVANTS—COMMON-LAW LIABILITY.

Such facts were insufficient to place on defendant any common-law liability for the negligence of the foreman.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

4. PLEADING (§ 36*)—ADMISSIONS—CONSTRUCTION.

In an action for injuries to an employé, that defendant admitted in his answer the service of a proper notice of injury under the employer's liability act (Consol. Laws, c. 31, §§ 200–204) could not estop defendant from raising the question of the sufficiency of the evidence to establish any cause of action whatever.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 82; Dec. Dig. § 36.*]

Miller, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Charles E. Larson against the Brooklyn Heights Railroad Company. From a judgment entered after dismissal of plaintiff's complaint at the close of the evidence, plaintiff appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

119 N.Y.S.—35

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Frederick S. Martyn, for appellant.

D. A. Marsh, for respondent.

WOODWARD, J. The plaintiff brings this action, invoking the aid of the employer's liability law. (Consol. Laws, c. 31, §§ 200–204), to recover damages for personal injuries. The complaint was dismissed at the close of plaintiff's evidence, upon the ground that it was one not within the scope of the employer's liability act, and on the further ground that it failed to establish an action at common law. The plaintiff appeals from the judgment, and urges that the defendant is estopped by its answer from raising the question of liability under the employer's liability act, that the plaintiff was entitled to go to the jury on the question of the negligence of the person exercising supervision over the work, that the notice served by the plaintiff was sufficient, and that he was entitled to go to the jury on his common-law right of action.

On the 24th day of December, 1906, the plaintiff was injured by being hit upon the head by a tie which was thrown or dropped upon him from the elevated structure maintained by the defendant on Hudson avenue, between Myrtle avenue and Fulton street, Brooklyn. For a few days prior to that date the plaintiff, with several others, constituting a gang of track laborers under the foremanship of one Johnson, had been engaged in taking out old ties and replacing them with new ones. The old ties had been piled up at a point on the structure within Hudson avenue, and on the day in question the foreman directed the plaintiff, with a fellow workman, to go down into the street underneath the structure, for the purpose of carrying away the old ties, which were to be thrown down to them. At the same time he directed some of the other members of the gang to carry the ties from the point where they had been piled to an opening at the side of the track, on the right-hand side of the structure, and not to throw any ties down until he gave the word. Another man by the name of Lucas was stationed in the street, underneath the structure, for the purpose of giving warning to the public, and Johnson himself took a position on the street at the opposite side of the opening, where he could warn the public approaching from that side. With the forces thus distributed the work commenced, and had proceeded for about half an hour; the plaintiff and Ecklund gathering up the ties and carrying them away as they were thrown down to them. Something like 20 ties had been thrown down, each in response to the word from Johnson, when the plaintiff, while in the act of stooping to pick up one of the ties, was struck on the head by a tie which was dropped by the men above in response to the call of Johnson to "let her go." The theory of the plaintiff is that Johnson, the foreman of this gang, was the superintendent of the defendant, and that the latter is liable for his carelessness in directing that this particular tie be dropped at this particular moment, while the plaintiff was underneath the opening through which the ties were being dropped; and while much of the

argument of counsel is addressed to the question of the sufficiency of the notice given by the plaintiff, in an effort to bring the case under the provisions of the employer's liability law, we are of the opinion that the question here presented is one relating to the character in which Johnson was acting at the time of the accident, rather than the sufficiency of the notice.

The law is well established that, in order to hold the employer liable, it must be shown, not only that the negligence was that of one exercising superintendence, but that he was engaged in an act of superintendence at the time. Droge v. Robins Co., 123 App. Div. 537, 540, 108 N. Y. Supp. 457, and authorities there cited. The plaintiff's own evidence shows that Johnson, whatever might have been his general relation to the plaintiff, was at the time engaged in a mere detail of the work of getting the ties down from the elevated structure. For instance, if Lucas had been assigned to the duty of giving the word to drop the ties, no one would have suggested that he was exercising the duties of a superintendent. He would have been simply engaged in performing one of the details of getting these ties from a place on the elevated structure to the street and out of the way in a safe manner; and Johnson was doing no more than this. He placed the men in proper positions to insure the safety of the public, who were lawfully in the street; and he took upon himself the part of watching one side of the approach and giving the word to drop the ties when the way was clear, presumably after a signal from Lucas, who was on the other side. It was a part that might have been performed by any workman of ordinary intelligence, and to say that Johnson was engaged in an act of superintendence in giving the word to let these ties fall would be as absurd as to declare that every signalman was a superintendent. Standing guard and giving directions when to proceed with the work were not acts of superintendence. The superintendence intended by the statute involves more than the mere authority to give directions to a helper in respect to some detail of the work. Falk v. Havemeyer, 123 App. Div. 657, 659, 108 N. Y. Supp. 140, and authorities there cited; Quinlan v. Lackawanna Steel Co., 191 N. Y. 329, 84 N. E. 73.

As Cullen, C. J., said in Guilmartin v. Solvay Process Co., 189 N. Y. 490, 495, 82 N. E. 725, 726:

"The question in any case brought under the statute [the employer's liability act] is not whether the negligent act is a detail of the work, but whether it is a detail of the superintendent's part of the work, or of that of the subordinate employés and servants."

And, tried by this test, there would seem to be no question that the plaintiff had failed to establish a cause of action under the statute. For instance, if Johnson had placed the men, one in his own position as he attempted to fill it, and had then gone away, and the man who filled his position committed the same act of negligence which Johnson committed, there would have been no liability on the part of the defendant; for such person was no more performing the duty of a superintendent than was the man who carried the tie and dropped it at the signal given. It was employment of the simplest

possible character, as it related to the employés, and was such that it required no superintendence, in the common understanding of that term. It merely required care in preserving the public against special dangers, and the master might properly place the men in such a position as to insure the safety of the public, and any man thus placed and giving the necessary signals could not be held to be a superintendent, or to be discharging the duties of superintendence. Johnson, the foreman, merely took hold and performed a part of the work which he might have assigned to any common laborer, and in doing this he was certainly not in the act of discharging the duties of a superintendent.

If we are right in this, the question of the sufficiency of the notice served is not important. A perfect notice could not add to a cause of action which had no foundation, either at common law or under the statute. Neither could the admissions in the answer, if they are admissions, of the service of a proper notice, estop the defendant from raising the question of the sufficiency of the evidence to establish any cause of action whatever. That question is always open upon the trial.

The judgment appealed from should be affirmed, with costs.

JENKS, BURR and RICH, JJ., concur. MILLER, J., dissents, on the authority of McHugh v. Manhattan Ry. Co., 179 N. Y. 378, 72 N. E. 312, and Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725.