CASHMORE v. PEERLESS MOTOR CAR CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  January 17, 1913.)

MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—LABOR LAW—NEGLI-
GENCE of ACTING SUPERINTENDENT.

    Labor Law (Consol. Laws 1909, c. 31) § 200, subd. 2, as amended by
Laws 1910, c. 352, imposes on the master liability for injuries to a serv-
ant by reason of the negligence of any person in the service of the master
intrusted with any superintendence.  *Held*, that such section eliminated
the fellow servant rule when the injury to the employé was caused by
the negligence of a coemployé with the authority of superintendence or
control, with authority to direct any other employés in performance of
such employé's duty, notwithstanding the work in hand did not consti-
tute an act of superintendence, and where plaintiff, an employé in a ma-
chine shop, was directed by his foreman to hold a steel shaft while the
foreman negligently struck it with a hammer, causing particles of steel
to fly into plaintiff's eyes, from which he became totally blind, the mas-
ter was liable.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
449–474; Dec. Dig. § 190.*]

Appeal from Trial Term, Kings County.

Action by Arthur Cashmore, an infant, by Sarah H. Cashmore, his
guardian ad litem, against the Peerless Motor Car Company of New
York.  Judgment for plaintiff, and defendant appeals.  Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-
WARD, and RICH, JJ.

John C. Robinson, of New York City, for appellant.

John J. Kuhn, of Brooklyn (Owen N. Brown, of New York City, on
the brief), for respondent.

RICH, J.  This appeal is by the defendant from a judgment in an
action brought to recover for negligence.  At the time of the accident,
plaintiff was employed in defendant's factory.  It is conceded that,
if the recovery plaintiff has obtained is to be sustained, it must be
under subdivision 2 of section 200 of the Labor Law (Consol. Laws
1909, c. 31).  The jury has found, and there was sufficient evidence to
sustain the finding, that while engaged in the performance of his du-
ties the plaintiff was seriously injured in consequence of the negligence
of one Malone, who was a foreman in defendant's machine shop, the
negligent act consisting in striking a piece of hard steel shafting, which
was fastened in a vice and was held by the plaintiff at Malone's direc-
tion, with a hard steel hammer, causing pieces of steel to fly from the
shafting or hammer, some of which entered plaintiff's eyes and made
him totally blind.

It is contended that the negligence of Malone was that of a fellow
servant in a detail of the work, for which the defendant is not liable,
that there was no evidence warranting the submission of the question
as to defendant's liability to the jury, and that the trial court erred in
its refusal to dismiss the complaint.  Under the provisions of the stat-
ute prior to the amendment of 1910 (chapter 352), this contention
would have been sound, as the negligence of Malone was while he

    *For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was engaged in the performance of a detail of the work, and not an act of superintendence, in addition to which·the principal duty of Malone was not that of superintendence. Gallagher v. Newman, 190 N. Y. 444, 83 N. E. 480, 16 L. R. A. (N. S.) 146; Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725; Falk v. Havemeyer, 123 App. Div. 657, 108 N. Y. Supp. 140; McLaughlin v. Interurban St. R. Co., 101 App. Div. 134, 91 N. Y. Supp. 883; Hope v. Scranton & Lehigh Coal Co., 120 App. Div. 595, 105 N. Y. Supp. 372; Kujava v. Irving, 122 App. Div. 375, 106 N. Y. Supp. 837; Droge v. Robins Co., 123 App. Div. 537, 108 N. Y. Supp. 457; McConnell, Adm., v. Morse I. W. & D. D. Co., 187 N. Y. 341, 80 N. E. 190, 10 L. R. A. (N. S.) 419, 10 Ann. Cas. 205. When these cases were decided, that statute (subdivision 2, c. 600, Laws of 1902 [subdivision 2, § 200, Labor Law]) provided that where personal injury was caused to an employé who was himself in the exercise of due care at the time "by reason of the negligence of any person in the service of the employer intrusted with and exercising superintendence whose sole or principal duty is that of superintendence, or in the absence of such superintendent, of any person acting as superintendent with the authority or consent of such employer," the employer might be held liable for such injury.

· For many years the tendency of legislation has been to protect persons engaged in skilled and manual labor; the object being to make the employer more careful in the performance of his duties, as well as in the selection of persons placed in charge and control. In 1906 the Legislature, impelled thereto, as the Court of Appeals said in Hart v. N. Y. C. & H. R. R. R. Co., 205 N. Y. 317, 98 N. E. 493, by "the sentiment that the fellow servant rule should be limited to those cases; where the employé whose act occasioned the injury was not in authority or control," amended the Railroad Law (Laws 1890, c. 565), eliminating therefrom the fellow servant rule when the injury to the employé was caused by the negligence of a coemployé "with the authority of superintendence, control or command of other persons in the employment * * * or with the authority to direct ᛋor control any other employé in the performance of the duty of such employé."

In 1910 subdivision 2 of section 200 of the Labor Law was amended, among other things, so as to read:

"2. By reason of the negligence of any person in the service of the employer intrusted with any superintendence or by reason of the negligence of any person intrusted with authority to direct, control or command any employé in the performance of the duty of such employé."

It will be noticed that the last sentence of this amendment is in substantially the same language as that of the corresponding sentence in the amendment to the Railroad Law.

The Legislature is presumed to have been familiar with the existing statutes, as well as the construction given to them by the courts, and it is clearly evident that it was their intent, in response to the same public sentiment which Judge Gray speaks of, to extend to all employés the benefits and protection it had secured to railroad employés, and to enlarge the liability of all employers of labor in the same ratio and to the same extent that had been charged upon railroad corpora-

tions. It seems clear that it was the legislative intent to change the meaning of the language of subdivision 2, and by so doing to enlarge the class of servants for whose negligence the employer might be held liable. This is not only indicated by the title of the amending statute, "An act to amend the labor law, in relation to employer's liability," but by the language used in the amendment. Liability is first predicated upon the negligence of a servant intrusted "with any superintendence"; and second, in addition the disjunctive "or" being used, upon the negligence of a servant "intrusted with authority to direct, control or command any employé in the performance of the duty of such employé." I think that the effect of this amendment is precisely the same as the amendment to the Railroad Law, and that the "fellow servant" rule is entirely abrogated where the negligent act causing the injury is that of a person coming within the definition. The language is clear, and the Legislature has accomplished just what it intended, viz., that an employer should thereafter be liable for the negligent acts, not only of a servant intrusted with superintendence, but also of a servant who, though not possessed of the authority of a superintendent, is intrusted with authority to direct, control, or command another employé in the discharge of his duty, and no matter how limited the authority of the negligent servant may be, if he comes within the statutory definition the master is liable for his negligence. He is the alter ego of the master while in the discharge of his duties. It is the grade of the negligent servant, as well as the nature of the negligent act, that is to be considered now in determining the master's liability.

Under this construction of the statute, there can be no dispute as to defendant's liability for the negligence of Malone, who was defendant's working foreman. He had charge of the men in the department in which he was employed. He decided how the work was to be done and had authority over the helpers, as is testified by the superintendent and assistant foreman. On the day of the accident plaintiff was assigned to assist and work with Frank Danow, one of defendant's mechanics, who directed him to take a ballrace off from a steel shaft, and while endeavoring to do this Fenton, the general superintendent, took the shaft to the machine shop and directed Malone to remove the ballrace, and Danow directed the plaintiff to follow the superintendent. He had the authority to make this direction. It was the plaintiff's duty to obey it and he did so. The plaintiff testified that Malone was his foreman when he was in the machine shop, and this is shown to be so by the evidence of the superintendent. Upon being directed by Malone to hold the shaft, plaintiff said to him, "I don't want to hold it." Malone replied, "You got to hold it." He did as directed, with the result that has been stated. Malone knew that the inevitable result of striking one piece of hard steel with another would be to cause flakes or slivers to fly therefrom. The plaintiff did not have this knowledge. No warning was given to him, and he was grievously injured in consequence of Malone's negligence.

The judgment is not excessive, and it must be affirmed, with costs. All concur.