(165 App. Div. 723)

HOTALING v. JAMES STEWART & CO., Inc.

(Supreme Court, Appellate Division, Third Department.    January 6, 1915.)

1. MASTER AND SERVANT (§ 182*)—INJURIES TO SERVANT—STATUTE.
     To recover under Labor Law (Consol. Laws, c. 31) § 200, making a master liable for injuries resulting from the negligence of one acting as a superintendent, it must appear that the negligent act was committed while the person was acting as superintendent.
     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

2. MASTER AND SERVANT (§ 198*)—INJURIES TO SERVANT—FELLOW SERVANTS
     —WHO ARE.
     A locomotive engineer, though having the right to direct a brakeman in some particulars, is a fellow servant of the brakeman, where he did not hire him, could not discharge him, and had no general supervisory power over the brakeman's conduct.
     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 493–514; Dec. Dig. § 198.*]

3. MASTER AND SERVANT (§§ 278, 281*)—INJURIES TO SERVANT—ACTIONS—EVIDENCE.
     In a suit by a brakeman, who asserted that he was injured when a locomotive on which he was riding was suddenly stopped, evidence held to show no negligence of the engineer, and to show the contributory negligence of the brakeman.
     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977, 987–996; Dec. Dig. §§ 278, 281.*]

Appeal from Trial Term, Saratoga County.

Action by John Hotaling against James Stewart & Co., Incorporated. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

R. A. Mansfield Hobbs, of New York City (William P. Butler, of Saratoga Springs, of counsel), for appellant.

Leary & Fullerton, of Saratoga Springs (Walter A. Fullerton, of Saratoga Springs, of counsel), for respondent.

JOHN M. KELLOGG, J.   The defendant is a contractor upon the barge canal, and in its work uses a locomotive in hauling dump cars from its steam shovel to the dump. Bissonette was the engineer upon the engine; the plaintiff, the brakeman. As they were approaching the dump, a quick signal was given to the engineer to stop. He applied the brake in the usual way and stopped within 30 or 40 feet. He was going 8 or 10 miles an hour. The brakeman was standing on an iron plate, the apron which covers the space between the locomotive and the tender. As the brake was applied, the engineer saw the plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

slip upon the iron apron and lunge forward; but he did not fall. The plaintiff claims he fell forward and was hurt; his hands being loosened from the braces by which he was steadying himself. He swears that the locomotive stopped within 8 feet after the air was applied. The locomotive was a proper locomotive, with proper equipment for this kind of work. The brake upon it is what is known as straight air, and not as triple valve equipment, and an emergency application cannot be made. The locomotive stops gradually after the air is applied.

[1] The plaintiff has exaggerated his injuries, and we find his testimony unreliable, where he and the engineer come in conflict as to material points. The complaint is of the omnibus type, alleging all kinds of negligence. Upon the trial the plaintiff elected to rest entirely upon subdivision 2 of section 200 of the Labor Law. The question, therefore, is whether he received an injury by reason of the negligence of a person in the defendant's service who was intrusted with superintendence. To come within this provision it must appear that the negligent act was done by the person while exercising acts of superintendence. Larson v. Brooklyn Heights Railroad Co., 134 App. Div. 679, 119 N. Y. Supp. 545.

[2] The only negligent act of the engineer attempted to be shown is his act in applying the air brake upon a signal from another. It was therefore the ordinary act which the engineer was employed to perform, namely, to run his locomotive. He was required to stop it on signal, and he did stop it in the ordinary way. The plaintiff and the engineer were fellow workmen; the engineer having the right to direct the plaintiff in some respects, and in some respects the engineer being required to follow the signals and directions of the plaintiff. Plaintiff was not employed by the engineer, and could not have been discharged by him. The engineer had no supervisory power over him, except so far as he was required from time to time to do certain acts upon the locomotive or train. The plaintiff's duties did not require him to be at the place where he was. The engineer did not direct him to be there. He selected the place for himself. The act of the engineer causing the engine to stop was that of a fellow servant, and was not the act of one exercising superintendence over the plaintiff. The case, therefore, is not within the statute.

[3] We are satisfied that the locomotive stopped in the usual way, and there was nothing in his act unexpected or unusual, and defendant was not guilty of any negligence. If the plaintiff was injured, it was because the place upon which he was riding necessarily carried with it a certain amount of danger, from which he has suffered.

The judgment should therefore be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event.

The court disapproves of the finding that the defendant was guilty of negligence, causing the plaintiff's injury, and that the plaintiff was free from negligence; and the court finds that the defendant was not guilty of negligence, and that the plaintiff was guilty of contributory negligence. All concur.