(93 Misc. Rep. 586)

### O'CONNOR v. JAMES STEWART & CO., Inc.

(Supreme Court, Trial Term, Saratoga County.   February, 1916.)

1. MASTER AND SERVANT ⊂⟩182(1)—INJURIES TO SERVANT—FELLOW SERVANT —STATUTORY PROVISIONS.

Under Labor Law (Consol. Laws, c. 31) § 200, subd. 2, as amended by Laws 1910, c. 352, providing that when a personal injury is caused to an employé who is himself in the exercise of due care, by the negligence of any person in the service of the employer, intrusted with any superintendence, or any person intrusted with authority to direct, control, or command any employé in the performance of his duties, the employé shall have the same right of compensation as if he had not been an employé, the fellow servant defense is not available to an action for injuries caused by the negligence of one intrusted with superintendence, or with authority to direct, control, or command an employé, though the negligence occurred in a detail of the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 371; Dec. Dig. ⊂⟩182(1).]

2. MASTER AND SERVANT ⊂⟩182(1)—INJURIES TO SERVANT—FELLOW SERVANT —"SUPERINTENDENCE."

Under Labor Law, § 200, subd. 2, as amended by Laws 1910, c. 352, making an employer liable for injuries to an employé by negligence of any person intrusted with any superintendence, the word "superintendence" means all superintendence, and a detail of superintendence is a part of superintendence as much as a principal act of superintendence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 371; Dec. Dig. ⊂⟩182(1).

For other definitions, see Words and Phrases, First and Second Series, Superintendence.]

Action by Robert J. O'Connor against James Stewart & Co., Incorporated.   Motion for nonsuit and dismissal of complaint denied.

Leary & Fullerton, of Saratoga Springs, for plaintiff.
R. A. Mansfield Hobbs, of New York City, for defendant.

VAN KIRK, J.   At a former trial of this case the jury disagreed. At the present trial the defendant moved for a nonsuit and a dismissal of the complaint.   The court reserved decision of the motion and submitted to the jury written questions under section 1187 of the Code.   The jury has again disagreed, and the defendant asks for a decision of its motion.   I have not a copy of the questions submitted to the jury, but they were in substance the following:

(1) Was Cunningham an employé of the defendant, intrusted with authority to direct, control, or command the plaintiff in the performance of his duty?

---

⊂⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(2) Was the act of Cunningham, which caused the scales to fly into the eyes of O'Connor, a negligent act?

(3) Were the ulcers, which later formed on O'Connor's eyes, caused by the scales or foreign substance so thrown in his eyes?

(4) Did any negligent act of the plaintiff contribute to bring about such injuries as he received?

(5) If you answer the above questions favorably to the plaintiff, assess the damages.

There was some evidence in the case on which the jury could have answered each of the above questions in favor of the plaintiff. The question presented upon the motion is under section 200, subdivision 2, of the Labor Law, as amended by the Laws of 1910, chapter 352. On this question the facts are to be considered found for plaintiff.

Cunningham was "a person in the service of the employer intrusted with authority to direct, control and command any employé [the plaintiff, O'Connor] in the performance of the duty of such employé." He was a foreman; he directed O'Connor to assist him in replacing in a boiler a grate made up of several sections. Cunningham went into the boiler; O'Connor handed in to him his lantern and a hammer; also the sections of the grate, one after another. The space remaining for the last section was not wide enough; this section was placed with one edge raised and the other edge against one of the adjoining sections in place. The side of the other adjoining section was raised and placed against the raised edge of the section to be fitted in. O'Connor stood outside of the boiler, but with head and shoulders in through the fire door of the boiler. He was pressing down with his hands on the raised edges to force the sections into position. Cunningham had his knee on the raised edges and was pressing down; the edges did not yield; he took the hammer and struck the raised edges between himself and O'Connor with the hammer. Scales or dirt flew into his own and into O'Connor's eyes, causing later, as plaintiff claims, ulcers to come on his eyes. As a result of the ulcers the sight of one of O'Connor's eyes is substantially destroyed.

[1] The act which caused the scales to fly into O'Connor's eyes was the act of Cunningham, but was in a detail of the work. It was an act which any common laborer could perform, and was not an act of command, direction, or control. Larson v. B. H. R. Co., 134 App. Div. 679, 682, 119 N. Y. Supp. 545. Does the Labor Law (section 200, subd. 2) apply and render the defendant liable? This section, as it stood in 1909, read as follows:

"When personal injury is caused to an employé who is himself in the exercise of due care and diligence at the time: * * * 2. By reason of the negligence of any person in the service of the employer intrusted with and exercising superintendence whose sole or principal duty is that of superintendence, or in the absence of such superintendent, of any person acting as superintendent with the authority or consent of such employer; the employé * * * shall have the same right of compensation and remedies against the employer as if the employé had not been an employé of nor in the service of the employer nor engaged in his work."

It was held that this statute did not cover a negligent act of a superintendent done in a detail of the work. To render the master liable,

the negligent act must be an act of superintendence.   Quinlan v. Lacka-
wanna S. Co., 191 N. Y. 329, 84 N. E. 73; Larson v. Brooklyn H. R.
R. Co., 134 App. Div. 679, 119 N. Y. Supp. 545.

In 1910 the statute was amended to read as follows:

"When personal injury is caused to an employé who is himself in the exer-
cise of due care and diligence at the time:  *  *  *  2. By reason of the neg-
ligence of any person in the service of the employer intrusted with any super-
intendence or by reason of the negligence of any person intrusted with au-
thority to direct, control or command any employé in the performance of the
duty of such employé.   The employé shall have," etc.

The effect of this amendment has been passed upon by the Appel-
late Division in each department.   Cashmore v. Peerless Motor Car
Co., 154 App. Div. 814, 139 N. Y. Supp. 359, cannot be distinguished
in its facts from this case at bar.   The plaintiff, at the direction of
Malone, a foreman, was holding a piece of steel shafting in a vise,
when Malone struck the shafting, causing a piece of steel to fly into
plaintiff's eyes.   After considering the amendment of 1910, and the
Railroad Law (Laws of 1890, c. 565; Laws of 1906, c. 657, § 42a), the
court concludes:

"I think that the effect of this amendment is precisely the same as the
amendment to the Railroad Law, and that the 'fellow servant' rule is entirely
abrogated where the negligent act causing the injury is that of a person com-
ing within the definition.   The language is clear and the Legislature has ac-
complished just what it intended, viz., that an employer should thereafter be
liable for the negligent acts, not only of a servant intrusted with superin-
tendence, but also of a servant who, though not possessed of the authority of
a superintendent, is intrusted with the authority to direct, control, or com-
mand another employé in the discharge of his duty, and no matter how limit-
ed the authority of the negligent servant may be, if he comes within the stat-
utory definition, the master is liable for his negligence; he is the alter ego
of the master while in the discharge of his duties."

This department considered the amendment carefully in Famborille
v. Atlantic, Gulf & P. Co., 155 App. Div. 833, 839, 841, 140 N. Y.
Supp. 529, 536, and reached the conclusion:

"That, under the amendment of 1910, the master is liable for an injury to
a servant caused by the negligence of a superintendent or any person intrusted
with authority, the servant himself being free from contributory negligence."

And again, on the same page, the court said:

"Plaintiff's intestate having met his death while an employé of the defend-
ant by reason of the negligent acts of defendant's superintendent, while both
were engaged in the master's service, the jury having found that the deceas-
ed was free from contributory negligence, the plaintiff was entitled to recover."

This seems a plain holding that the fellow-servant defense could not
be sustained when the negligent act is that of a superintendent or one
intrusted with authority, whether or not said act is in a detail of the
work.   This case is affirmed (213 N. Y. 666, 107 N. E. 1077) and is ap-
proved in Sherman v. Mason & Hanger Co., 162 App. Div. 327, 330,
147 N. Y. Supp. 609.   In Svendson v. McWilliams, Inc., 157 App.
Div. 475, 142 N. Y. Supp. 606, the superintendent told the plaintiff to
knock off a cleat from a rudder post.   Plaintiff put himself in a posi-
tion to obey, when the superintendent pried out the bottom of the

rudder post, causing the plaintiff to fall. The court said, on page 475 of 157 App. Div., on page 606 of 142 N. Y. Supp.:

"The nature of the alleged negligence is such that it would have fallen under the ordinary rule of a 'detail' of the work, unless that rule has been abrogated or modified by the amendment to the Labor Law in 1910. We have held recently, in Cashmore v. Peerless Motor Car Co., 154 App. Div. 814 [139 N. Y. Supp. 359], that the amendment of the Labor Law in 1910 had the effect of rendering the master liable for any negligent act of one who was a superintendent even in what would otherwise be considered a 'detail' of the work."

This case involved the identical question here, and was affirmed in the Court of Appeals without opinion. The Court of Appeals could not have affirmed the judgment, without affirming the above construction of the statute. See Gilpin v. Ruppert, 155 N. Y. Supp. 1064; Griffith v. American Bridge Co., 163 App. Div. 599, 148 N. Y. Supp. 994, citing the Svendsen Case.

In Pelow v. Oswego Const. Co., 162 App. Div. 840, 147 N. Y. Supp. 750, it is held that, under said section 200, subdivision 2, an employer is liable for personal injuries caused to an employé who is himself in the exercise of due care and diligence at the time, by reason of the negligence of any person in the service of the employer intrusted with any superintendence or by reason of the negligence of any person intrusted with authority to direct, control or command any employé in the performance of the duty of such employé. The liability is not limited to negligence in superintendence or control; the fellow-servant defense does not apply; the Famborille Case and the Svendsen Case are cited as authority. The defendant refers to Sherman v. Mason & Hanger Co., 162 App. Div. 327, 147 N. Y. Supp. 609, as an authority in its favor; but it must be noticed that in the opinion it is said:

"The court charged the jury, without objection or exception or request for any other or different submission, that the evidence presented no question of negligence save under the Labor Law; that the sole question of negligence for determination was whether the accident happened by some negligence. of Bateman in a matter of control, direction, or command; and that unless such negligence was proven, the verdict must be for the defendant. I must confine my consideration upon this appeal to the case as thus submitted."

And at the end of the opinion the court says:

"I should add that this opinion is confined to the theory of the submission of this case, and it is not intended to indicate rescission or modification of the views of this court as expressed in Cashmore v. Peerless Motor Car Co. and Svendsen v. McWilliams, Inc., or any different view than that taken by this court in its Third Department in Famborille v. Atlantic, Gulf & Pacific Co."

The trial court having said that there could be no recovery unless the accident happened by some negligence of Bateman in the matter of control, direction, or command, the Appellate Division, concluding that there was no evidence to show negligence of Bateman in a matter of control, direction, or command, held there could not be a recovery. Evidently that opinion was not intended to modify any of the holdings above cited.

But there are two cases in this department which seem in conflict with the above, and the defendant insists that the trial court should be bound by those holdings. In Hotaling v. Stewart & Co., Inc., 165

App. Div. 723, 151 N. Y. Supp. 415, it is said, referring to section 200, subdivision 2:

"The question, therefore, is whether he [the plaintiff] received an injury by reason of the negligence of a person in the defendant's service who was intrusted with superintendence. To come within this provision it must appear that the negligent act was done by the person while exercising acts of superintendence. Larson v. Brooklyn Heights Railroad Co., 134 App. Div. 679 [119 N. Y. Supp. 545]."

But the authority cited is a case which arose and was decided before the amendment of 1910; and the facts make it doubtful if there was any liability under the act in any construction of the statute. The court does not cite any of the authorities hereinabove cited, makes no reference to the Famborille Case, decided in the same department, and it is unnecessary to conclude that it intends to change the construction there adopted.

Hall v. New York Telephone Co., 168 App. Div. 396, 153 N. Y. Supp. 22, decided in this department, seems to present a real difficulty. The opinion is written by the same learned justice who wrote in the Famborille Case. The trial court denied a motion for a nonsuit, stating that he would submit the case to the jury upon two propositions, in addition to that of contributory negligence, one under the common-law count and the other under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204), as amended by Laws 1910, c. 352. The question under the Employers' Liability Act was this:

"(2) Did the pole fall through the failure of the foreman to exercise reasonable care, considering the situation and surroundings there on that day? Did the foreman loosen his hold upon the cant hooks? Did he allow the pole to turn, and by reason of its turning, did it fall?"

The court says:

"We think the court erred in submitting to the jury the second proposition, for the reason that the work of Farmer in holding the cant hooks was not a detail of superintendence, but was the work of a fellow servant, and hence his negligence in allowing the cant hooks to slip, if negligence it was, was negligence for which the master was not liable."

This seems a direct statement that, although the negligent act was the act of a foreman—one having authority to direct, etc.—still, because it was not an act in a detail of superintendence, the fellow servant rule applies. The foreman, the plaintiff, and other coemployés were engaged in raising a heavy telephone pole. The foreman stood at the butt of the pole, near the hole which was to receive it. He had a cant hook in either hand to hold the pole from rolling. He directed the men, who were using pikes to raise and steady the pole, where to stand. The pole began to swing away from the plaintiff. He directed one of the employés to go to the other side and hold it back. The pole was pushed so strongly that it swung back toward the plaintiff; he was not able to hold it; the pole rolled, and fell upon the plaintiff, inflicting serious injuries. The jury might have found that the act which caused the pole to roll and fall was the negligent act of the foreman; and the Appellate Division has stated that for such negligence the defendant is not liable under the Labor Law. Larson v. Brooklyn

Heights Railroad Co., supra, is cited (as in the Hotaling Case) as authority for the proposition that the plaintiff—

"cannot recover under the Employers' Liability Act for the injuries so received, for at the time the foreman was engaged in a mere detail of the work and not in an act of superintendence; that, while a foreman is performing a part of the work which he might have assigned to any common laborer, he is not discharging the duties of a superintendent."

And the court cites the Famborille Case and Sherman v. Mason & Hanger Co. The expression, "detail of superintendence" is used in the Hall Case and in another recent decision; but the statute does not use it,

[2] The word "superintendence" in the statute means all of superintendence; a "detail of superintendence" is a part of superintendence as much as a principal act of superintendence is a part. Inasmuch as the Svendsen Case (which followed the Cashmore Case) has been affirmed by the Court of Appeals, and this department has not disapproved of the Famborille Case, and inasmuch as the opinion in Sherman v. M. & H. Co. confines the decision solely to the one question submitted to the jury, and did not modify the holding in the Cashmore Case, I conclude the decision in the Hall Case must be distinguishable (though I am unable to discover the distinction) from the decisions which are apparently in conflict with it, and was not intended to disapprove the holdings in this department and in the three other departments; also that, since the amendment of 1910, the fellow-servant defense is not available when the injuries were caused by the negligence of one intrusted with superintendence or with authority to direct, control, or command an employé in his work, even though that negligence occurred in a "detail of the work." This is the holding in Marion v. Coon Const. Co., 216 N. Y. 178, 180, 110 N. E. 444. The motions for nonsuit and dismissal are denied.

Motions denied.