ADOLPHUS PELOW, Respondent, *v.* OSWEGO CONSTRUCTION COMPANY, Appellant.

Master and servant — when master liable for act of a superintendent, although it may not be an act of superintendence, but that of a fellow-servant (Labor Law, § 200; Consol. Laws, ch. 31).

Although a superintendent is performing an act not in the course of superintendence but such as would naturally be performed by an ordinary fellow-servant, the statute makes his employer liable for his negligence resulting in injury to an employee. (Labor Law, § 200; Cons. Laws, ch. 31, amd. L. 1910, ch. 352.) (*Svendsen* v. *McWilliams*, 214 N. Y. 621, followed.)

*Pelow* v. *Oswego Construction Co.*, 162 App. Div. 840, affirmed.

(Argued March 7, 1916; decided April 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 6, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. H. Cowie* for appellant.    The amendment of 1910 to subdivision 2 of section 200 of the Labor Law was not intended to and did not make the master liable for the negligent acts of a superintendent, unless they were negligent acts of superintendency, and inasmuch as the failure of Miller to properly hold the key was an omission committed in a detail of common labor, it was not an act for the consequences of which the defendant was liable. (*Hall* v. *N. Y. Tel. .Co.*, 168 App. Div. 396; *Sherman* v. *M. & H. Co.*, 162 App. Div. 327; *Hallock* v. *N. Y., O. & W. R. R. Co.*, 197 N. Y. 450; *Eagan* v. *Buffalo U. J. R. R. Co.*, 200 N. Y. 478; *Utess* v. *Erie R. R. Co.*, 204 N. Y. 324; *Brown* v. *N. Y. C. & H. R. R. R. Co.*, 126 App. Div. 240; *Cavanagh* v. *C. N. E. Ry. Co.*, 131 App. Div. 856; *Davis* v. *Davis*, 75 N. Y. 221; *Pulitzer* v. *New York*, 48 App. Div. 6; *Munzinger* v. *United Press*, 52 App. Div. 338; *Taylor* v. *Matteawan*, 122 App. Div. 406.)

*Thomas Woods* for respondent.    The defendant is responsible to the plaintiff in this action for the negligent acts of its superintendent, Miller, under section 200 of the Labor Law, as amended in 1910.    (*Famorbille* v. *A., G. & P. Co.*, 155 App. Div. 833; 213 N. Y. 666; *Svendsen* v. *McWilliams*, 157 App. Div. 474; 214 N. Y. 621; *Cashmore* v. *Peerless Motor Company*, 154 App. Div. 814; *Marion* v. *B. G. Coon Construction Co.*, 216 N. Y. 178; *Gilpin* v. *Ruppert*, 155 N. Y. Supp. 1064.)

HISCOCK, J.    Plaintiff seeks in this action to recover under the provisions of section 200 of the Labor Law (Cons.

Laws, ch 31) as it existed in 1912 for injuries sustained by him as the result of the negligence of defendant's superintendent. The negligence of which the jury has found said superintendent to have been guilty did not occur in the course of any superintendence being exercised by him, but while he was performing such an act as would naturally be performed by an ordinary fellow-servant and the question is whether the statute makes an employer' liable for the negligence of a superintendent occurring under such circumstances. We think that such is its effect.

Prior to 1910 by the provisions of said section 200 the employer was made liable for injuries caused " By reason of the negligence of any person in the service of the employer intrusted with and exercising superintendence whose sole or principal duty is that of superintendence," and it was held under the statute as thus worded that the actionable negligence of the superintendent must occur in the course of his superintendence and not while he was performing the work of an ordinary fellow-servant. (*Quinlan* v. *Lackawanna Steel Co.*, 191 N. Y. 329; *Foster* v. *International Paper Co.*, 183 N. Y. 45; *Vogel* v. *American Bridge Co.*, 180 N. Y. 373.)

By chapter 352 of the Laws of 1910 said section was so amended as to provide that the employer should be liable for injuries caused " By reason of the negligence of any person in the service of the employer intrusted with any superintendence or by reason of the negligence of any person intrusted with authority to direct, control or command any employee in the performance of the duty of such employee." Thus, by this amendment, there were eliminated the words originally found in the statute attaching responsibility for the negligence of a person intrusted with and " exercising superintendence."

At the time the amendment was adopted not only was the general current of legislation in the direction of repealing the so-called " fellow-servant " rule, but a commission theretofore appointed by the legislature to

"inquire into the question of employers' liability," etc., had just made a report to the legislature in substance stating that the statute making the employer liable for the negligence of a superintendent only when such negligence occurred in the course of superintendence prescribed too narrow a rule, and that the employer ought to be responsible for all accidents caused by any person intrusted with any authority, and recommending that to that extent the fellow-servant rule should be modified. Especially, when construed in the light of these circumstances we think that the plain purpose and meaning of the amendment were to accomplish the result thus recommended, and we are not able to find any other reasonable excuse for the legislation.

We think that this interpretation of the amendment is sustained by one decision of this court, rendered, however, without opinion. In *Svendsen* v. *McWilliams* (214 N. Y. 621) we considered a judgment obtained by the plaintiff for damages caused by the negligence of a superintendent in the performance of an act which was not one of superintendence, but just as thoroughly a detail of work ordinarily to be performed by a fellow-servant as was the act involved in this action. The accident occurred after the passage of the amendment of 1910, and the recovery which the plaintiff secured at the Trial Term necessarily involved the same construction of that amendment which is now being urged by the plaintiff. The question of the employers' liability on that theory was specifically considered at the Appellate Division and was raised by the briefs in this court, and our affirmance of the judgment which had been recovered necessarily adopted that interpretation of the amendment which is now relied on by the plaintiff to sustain his recovery.

I think, therefore, that the judgment appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment affirmed.