as they can be and should be. No explanation whatever is offered by the respondents for having included the single block referred to, thus making it practically a pocket in one district, nor for having added to the end of that district the six blocks in a vertical line. If this had been necessary in order to comply with some other provision of the Constitution, such as convenience, it might have been justified, and so could be sustained, but no such claim is made. Nor is there any basis for making it. The motion papers show that the districts can be laid out without such irregularities. It must therefore be held that this apportionment also violates the provisions relating to the form of the districts.

The application is granted, with $50 costs, and a writ of mandamus is directed to issue, requiring the board of aldermen to reconvene and to reapportion the Fourth senate district of this county into assembly districts, as required by the provisions of the Constitution and the laws of the state.

Settle order and form of writ on one day's notice.

---

(174 App. Div. 313)

COCCHIA v. RAPID ADDRESSING MACH. CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

1. MASTER AND SERVANT ⬥287(8)—INJURIES TO SERVANT—NEGLIGENCE OF SU-
    PERIOR—QUESTION FOR JURY.
        Evidence *held* to make a question for the jury whether the servant at whose direction plaintiff did the work in which he was injured was, within Labor Law (Consol. Laws, c. 31) § 200, subd. 2, a person intrusted with superintendence, or authority to direct, control, or command him in the performance of his duty.

        [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1064; Dec. Dig. ⬥287(8).]

2. MASTER AND SERVANT ⬥287(5)—INJURIES TO SERVANT—NEGLIGENCE OF
    SUPERIOR—QUESTION FOR JURY.
        Evidence *held* to present a jury question whether plaintiff's injury was caused by the negligence of his superior.

        [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1061; Dec. Dig. ⬥287(5).]

3. MASTER AND SERVANT ⬥289(1)——INJURIES TO SERVANT——CONTRIBUTORY
    NEGLIGENCE—QUESTION FOR JURY.
        Evidence *held* to present a jury question whether plaintiff servant was exercising due diligence at the time he was injured.

        [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1089; Dec. Dig. ⬥289(1).]

4. MASTER AND SERVANT ⬥189(2)—INJURIES TO SERVANT—AUTHORITY OF
    SUPERIOR.
        The employer cannot escape liability for the employé's injury on the ground that the girl at whose direction he did the work in which he was injured had no authority to direct him, when the foreman had told him to do what "the girls" told him to do.

        [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 437, 439–444; Dec. Dig. ⬥189(2).]

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. MASTER AND SERVANT ⚖➡245(1)—INJURIES TO SERVANT—ASSUMPTION OF RISK.

 The master cannot escape liability for the servant's injuries on the ground that, instead of trying to fix a clogged machine, he should have called the machinist, when the foreman had told him to do anything he could, and to call the machinist for things he could not do himself.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 682, 778, 784, 788; Dec. Dig. ⚖➡245(1).]

Appeal from Trial Term, Kings County.

Action by Vincent Cocchia, by his guardian ad litem, Adelaide Cocchia, against the Rapid Addressing Machine Company. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

William H. Griffin, of New York City, for appellant.

Joseph F. Murray, of New York City, for respondent.

RICH, J. At the close of the plaintiff's case, his complaint was dismissed. The action is by an employé against the employer to recover for personal injuries alleged to have been sustained in consequence of the negligence of one of defendant's employé having authority to direct, and is based on the provisions of section 200, subdivision 2, of the Labor Law, which gives a cause of action against an employer to an employé who is himself in the exercise of due care and diligence when the injury is caused by—

"the negligence of any person in the service of the employer intrusted with any superintendence or by reason of the negligence of any person intrusted with authority to direct, control or command any employé in the performance of the duty of such employé."

[1-3] The only question involved in this appeal is whether the employé, whose negligence was the cause of plaintiff's injury, was a person for whose negligence the defendant would be liable under the provisions of the statute quoted. The plaintiff was at the time of the accident between 14 and 15 years of age, and had been in the defendant's employ for about 5 months. He was employed by Miss Snyder, the forelady in charge of the department in which he worked. He was told by her that, in addition to other work, he was to be an assistant to the girls employed in the department, and was to do what they told him to. There were seven punch presses used in this department, each operated by two employés, usually a boy and a girl, but, when boys were absent, by two girls, one of whom fed the pasteboard into the machine and the other received the punched stencils and placed them in boxes provided for that purpose. During the period of plaintiff's work, he had been repeatedly directed by different female employés to perform various services connected with the work of the department. On one occasion he had been directed to fix the shellac box on one of the shellac machines, which had become gummed and unfit for use. On several occasions prior to the happening of the accident, the stencils

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

had caught in and clogged the boxes on the punch presses, and on these occasions the boys would remedy the difficulty by removing the stencils from the box. While testifying, the plaintiff was asked:

"What, if anything, did Miss Snyder, at any time that you worked there, before this accident, say to you about removing the stencils when the machine got clogged and one of the girls asked you to do it? What, if anything, did Miss Snyder ever say to you on that subject?"

And he answered:

"If it is anything—anything that you can do, you can do it yourself, but anything that is very much to do for you, you can call the machinist."

On the day of the accident, the plaintiff was feeding one of the presses, and a girl employé was receiving and placing the stencils in boxes as they were punched. One of the other punch presses in the near vicinity was being operated in like manner by two girls. One of them was Grace Karl. The latter directed plaintiff to get her some additional boxes, and while he was absent on that errand her helper took plaintiff's place and fed the machine upon which he had been working. Upon his return with the boxes, Miss Karl directed him to clean out the box of the machine she was operating, which had become clogged with stencils. Plaintiff thereupon stopped the machine and was engaged in cleaning out the box as directed, when Miss Karl negligently started the machine (she said she thought he "was all through"), causing the die to descend, amputating the plaintiff's thumb.

I think the evidence was sufficient to warrant the jury in finding that Grace Karl was a person intrusted with authority to direct, control, and command the plaintiff in the performance of his duties, within the meaning of those words as used in the statute, and that the accident was caused by her negligence, and that the plaintiff was in the exercise of due diligence at the time he was injured. A prima facie case was therefore established, which ought to have been submitted to the jury. Cashmore v. Peerless Motor Car Co., 154 App. Div. 814, 139 N. Y. Supp. 359; Famborille v. Atlantic, Gulf & Pacific Co., 155 App. Div. 833, 140 N. Y. Supp. 529, affirmed without opinion 213 N. Y. 666, 107 N. E. 1077; Svendsen v. McWilliams, Inc., 157 App. Div. 474, 142 N. Y. Supp. 606; Pelow v. Oswego Construction Co., 162 App. Div. 840, 147 N. Y. Supp. 750, affirmed (N. Y.) 112 N. E. 379; Gilpin v. Ruppert, 170 App. Div. 405, 155 N. Y. Supp. 1064; Larkin v. Burke, 212 Fed. 148, 129 C. C. A. 86.

[4, 5] The respondent contends that in directing plaintiff at the time, and in starting the machine, Grace Karl was not acting within the scope of the authority intrusted to her by the defendant. This contention is based upon the argument that each packer, which was the work being done by the Karl girl at the time she gave the directions to the plaintiff, had a male assistant, and her authority was limited to the direction of this person, and that she had no authority to start the press. This argument ignores the fact that Miss Karl's assistant was a girl, who, at the time, was engaged in feeding another press; that the plaintiff's directions from Miss Snyder were general, and not limited to the girl who was the packer on the press he was feeding. He

was instructed to do what the "girls" told him to do. The further contention that the authority of the Karl girl and of plaintiff, when a machine was out of order, was limited to notifying the machinist and waiting for him to fix it, is without force in view of the instruction to plaintiff that when a machine became clogged with stencils, and one of the girls asked him to remove them, if it was anything he could do, he was to do it, and, if not, he was to call the machinist. It is apparent that the mere clogging of the press by the accumulation of stencils, simply requiring their removal, was not such a condition as required the services of the machinist.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.